**SOUTHERN DISTRICT OF NEW YORK**

TADEUSZ KOWALEWSKI, NICHOLAS KLIMUK, OLEG LOGUNOVSKI and STANISLAW PUCHALA, individually and on behalf of others similarly situated,

        Claimants,

   v.

RUDOLF SAMANDAROV, a/k/a RUDY SAMANDAROV, GROUP AMERICAR TRANSPORTATION LLC, BC LEASING CORP., and INDIVIDUAL PARTNERS OF CORPORATE RESPONDENTS,

        Respondents.

Index No: 1:10-cv-04438-RJS

**CLAIMANTS' REPLY TO RESPONDENTS' BRIEF ARGUING THAT THE ARBITRATOR'S CLAUSE CONSTRUCTION AWARD SHOULD BE RECONSIDERED**

Marina Trubitsky, Esq. (MT-9371)
MARINA TRUBITSKY & ASSOCIATES, PLLC
Attorneys for Plaintiffs
11 Broadway, Suite 861
New York, New York 10004
(212) 732-7707

1

## TABLE OF CONTENTS

                                                                                Page

I.      Preliminary Statement……………………………..          4

II.     The *Stolt-Nielsen* Case……………………………..        5

III.    Arguments

    a. *Stolt-Nielson* Holding Does Not Invalidate the Arbitrator's Award In The Case At Bar ………   6
    b. The Factual Situation In Stolt-Nielson Case is Distinct From The Case At Bar, Making the Denial of Class Arbitration Unconscionable Here…………..7
    c. *Stolt-Nielson* Holding Should Not Be Applied to the Case At Bar Retroactively……………………….8
    d. Due to the Absence of a Clear FAA Standard and Relevant Case-law the Arbitrator Should Not Reevaluate His Award ………………………….8

IV.     CONCLUSION………………………………………   9

TABLE OF AUTHORITIES

Page

I.  *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*,
    130 S. Ct. 1758, 176 L. Ed. 2d 605,
    2010 U.S. LEXIS 3672 (U.S. 2010) …………….…...4, 5, 6, 7, 8

II. *Eastern Associated Coal Corp. v. Mine Workers*,
    531 U.S. 57, 62, 121 S. Ct. 462,
    148 L. Ed. 2d 354 (2000)…………………………………….5

III. *Paperworkers v. Misco, Inc.*,
    484 U.S. 29, 38, 108 S. Ct. 364,
    98 L. Ed. 2d 286 (1987)…………………………………. 5

IV. *Major League Baseball Players Assn. v. Garvey*,
    532 U.S. 504, 509, 121 S. Ct. (2001) ………………….. 5

V.  *Green Tree Financial Corp. v. Bazzle*,
    539 U.S. 444, 123 S. Ct. 2402, 156 L. Ed. 2d 414 (2003)
    532 U.S. 504, 509, 121 S. Ct. (2001) ………………….. 7, 8

## I. PRELIMINARY STATEMENT

The instant Claimants' Memorandum is hereby submitted for the review of the Honorable Richard J. Sullivan in response to Respondents' Brief Seeking Reconsideration of the Partial Final Award on Clause Construction.

In Respondents' Brief, Respondents once again produce their slanted version of the facts in this matter, an endeavor they have already aptly executed in all of their prior briefs, as well as during the March 8, 2010 oral argument before the arbitrator. For the purposes of this Claimants' Memorandum, Claimants' shall not burden the Court with another account of the case and shall rely on their factual relation from their prior brief, which the Court has already thoroughly reviewed.

Further, instead of focusing on the issue as to whether they are entitled to have the Arbitrator's March 30, 2010 Partial Award on Clause Contraction (the "Award") reconsidered, Respondents in their Respondents' Brief merely use their memorandum as a platform from which to once again bombard the Court with their "Contract Interpretation" argument which has already been dutifully considered and rejected in the Award.  Respondents' repetitious claims and arguments should not be reconsidered by the Court here as collateral estoppel precludes Respondents from having their original brief reviewed *de novo*.

The instant Claimants' Memorandum, shall clearly illustrate below as to why the recent Supreme Court decision of *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 176 L. Ed. 2d 605, 2010 U.S. LEXIS 3672 (U.S. 2010) is not in conflict with the Arbitrator's Award in this case.

## II. THE *STOLT-NIELSON* CASE

*Stolt-Nielsen* is a maritime case. Stolt-Nielsen S. A. is a shipping company that serves a large share of the world market for parcel tankers. They chart vessels to customers who wish to ship liquids in small quantities. One such customer was AnimalFeeds International Corp., a supplier of raw ingredients, such as fish oil, to animal-feed producers around the world. (*Stolt-Nielsen,* 130 S. Ct. 1764). When the Department of Justice criminal investigation revealed that Stolt-Nielsen was engaging in an illegal price-fixing conspiracy, AnimalFeeds brought a class action against them. Later AnimalFeeds brought a petition for class arbitration (*Id.* at 1765), which was granted by the New York Court of Appeals. Both partied stipulated that the arbitration agreement was silent as to class arbitration.

When evaluating arbitration panel's decision to allow class arbitration, the Supreme Court stated that "[i]t is not enough for petitioners to show that the [arbitration] panel committed an error – or even a serious error. *See* Eastern *Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S. Ct. 462, 148 L. Ed. 2d 354 (2000); *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987). 'It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable.' *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509, 121 S. Ct." (*Id.* at 1767), The Court further instructed that "an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator 'exceeded [his] powers,' for the task of an arbitrator is to interpret and enforce a contract, not to make public policy".

Finally, the Supreme Court held that the arbitration panel's determination as to class arbitration must be set aside because the primary reason for the panel's decision was that class arbitration should be allowed as a matter of public policy. *Id.* at 1767. The Court concluded

that "what the arbitration panel [impermissibly] did was simply to impose its own view of sound policy regarding class arbitration." *Id.* at 1767- 1768.

### III. ARGUMENTS

**A. The *Stolt-Nielson* Decision Does Not Invalidate the Arbitrator's Award In The Case At Bar**

The Supreme Court in *Stolt-Nielson* explained that AnimalFeed made three arguments in support of construing the arbitration clause to permit class arbitration. *Id.* at 1768. These arguments were that (a) the clause is silent on the issue of class treatment and without express prohibition, class arbitration is permitted under *Bazzle"*, (b) the clause should be construed to permit class arbitration as a matter of public policy; and (c) the clause would be unconscionable and unenforceable if it forbade class arbitration. *Id.* Apparently, the arbitrators in *Stolt-Nielson* "expressly rejected AnimalFeeds' first argument… and said nothing about the third. Instead, the panel appears to have rested its decision on AnimalFeeds' public policy argument. Id. The Supreme Court in *Stolt-Nielson* found that the arbitration panel "manifestly disregarded" its role by imposing its own view of what was sound policy regarding class arbitration.

Here, unlike the arbitration panel in *Stolt-Nielson,* the Arbitrator did not base the Award upon his view of what sound policy regarding class arbitration is. On the contrary, in the case at bar, the Arbitrator based the reasoning of his Award on Rule 3 of the American Arbitration Association Rules.

Specifically, the Arbitrator stated that "Rule 3 requires me, as the arbitrator, upon appointment, 'to determine as a thereshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class.'" Award at 3.

Further, the Arbitrator in the case at bar based his reasoning on *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 123 S. Ct. 2402, 156 L. Ed. 2d 414 (2003), stating that under *Bazzle* "it is for this arbitrator to interpret these provisions in light of the other provisions of the Subscription Agreement, and determine whether the Subscription Agreement prohibits class arbitration." Award at 5.

Finally, the Arbitrator here based his Award on the plethora of case law which allowed class arbitration under an arbitration clause that is silent as to that issue. The Arbitrator stated that "[c]ontrary to Respondents' contentions, the many cases permitting class arbitration under a clause that is silent on the issue cannot be brushed aside with the assertion that many of them relied on a case decided under Claifornia law, which is not controlling here. Whatever authorities may have been cited by the arbitrators in those cases, the fact remains that the great bulk of decisions about 'silent' arbitration clauses have permitted class arbitration, and those decisions apply the laws of a number of jurisdictions, not just California."

Thus, the Arbitrator in the case at bar has perfectly comported with his role as described by the *Stolt-Nielson* Court. Specifically, the Supreme Court stated that "[b]ecause the parties agreed their agreement was 'silent' in the sense that they had not reached any agreement on the issue of class arbitration, the arbitrators' proper task was to identify the rule of law that governs in that situation". As the Arbitrator here did precisely that and, unlike the arbitration panel in *Stolt-Nielson*, did not his own view of what constitutes sound policy regarding class arbitration, the Award should stand.

**B. The Factual Situation In *Stolt-Nielson* Case is Distinct From The Case At Bar, Making the Denial of Class Arbitration Unconscionable Here**

Even if it is found that the holding in the *Stolt-Nielson* case is in someway at odds with the Award, the factual situation in *Stolt-Nielson* is distinct from the case at bar. Specifically, in

7

*Stolt-Nielson*, the party arguing for class arbitration (AnimalFeeds International Corp.) is a sophisticated, multinational commercial entity which had ample counsel, bargaining power, and leverage when negotiating and executing the arbitration agreement.  By contrast, in the case at bar, the Claimants are foreign-born cab drivers who were forced into signing a contract which contained the arbitration clause at issue.  If the Claimants wished to provide for their families, they had to sign the Respondents' contract.  As fully explained in Claimants' original brief and supporting affidavits, here Claimants are unsophisticated, lacked proper counsel and knowledge of the implications of the arbitration agreement.  Thus, it would be unconscionable in the case at bar to prevent class arbitration.

**C. *Stolt-Nielson* Holding Should Not Be Applied to the Case At Bar Retroactively**

In the case at bar, the Award was executed by the Arbitrator on March 30, 2010.  The *Stolt-Nielson* Decision came down from the Supreme Court on April 27, 2010.  Thus, even if it is found that the holding in the *Stolt-Nielson* case is in someway at odds with the Award in the case at bar, the *Stolt-Nielson* holding should not be applied here *ex post facto*.

**D. Due to the Absence of a Clear FAA Standard and Relevant Case-law the Arbitrator Should Not Reevaluate His Award**

In the case at bar, the Arbitrator has executed a thoroughly thought-out decision which has a valid basis in the relevant case law (*see Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 123 S. Ct. 2402, 156 L. Ed. 2d 414 (2003)). Further, the Federal Arbitration Act (the "FAA") does not describe a clear standard of review for reconsideration of an arbitrator's partial final award. FAA, 9 USC Sections 1-16.  Thus, the Arbitrator's decision here should not be reevaluated and in the absence of any explicit FAA standard and case law Respondents should not be granted a second bite of the apple.

### IV. CONCLUSION

It is respectfully requested that the Partial Final Award on Clause Construction of March 30, 2010 be reaffirmed.

Dated: New York, NY
       December 6, 2010

                                          Respectfully submitted,

                                          _/s/_____
                                          Marina Trubitsky (MT- 9371)
                                          Attorney for Claimants
                                          Marina Trubitsky & Associates, PLLC
                                          11 Broadway, Suite 861
                                          New York, NY 10004
                                          (212) 732-7707

CC: Eric B. Kaviar
Attorney for Respondents
712 Third Avenue
Brooklyn, New York 11232
(718) 965-6146