UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RUDOLF SAMANDAROV a/k/a RUDY
SAMANDAROV, GROUP AMERICAR
TRANSPORTATION LLC, BC LEASING,
CORP. and individual partners of corporate            Civil Action No. 10 CV 4438 (RJS)
defendants,

        Petitioners,

    v.

TADEUSZ KOWALEWSKI, NICHOLAS
KLIMIUK, OLEG LOGUNOVSKI and
STANISLAW PUCHALA, individually and on
behalf of other similarly situated,

        Respondents.
-------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW


Eric B. Kaviar, Esq.
(EK 0577)
Attorney for Petitioners
712 Third Avenue
Brooklyn, New York 11232
(718) 965-6146
ericbkaviar@aol.com

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | 3 |
| I. | INTRODUCTION | 4 |
| II. | REPLY ARGUMENTS | |
| | A. Respondents' argument that the *Stoltz-Nielson* decision does not invalidate the arbitrator's award in the case at bar is without merit | 4 |
| | B. The factual situation in *Stoltz-Nielson* case is not so distinct from the case at bar making denial of class arbitration unconscionable | 5 |
| | C. Respondents' argument that *Stoltz-Nielson* should not be applied in the case at bar retroactively is without merit | 5 |
| | D. Respondents argument that absence of a clear FAA standard and relevant case-law that the arbitrator should not revaluate his award is without merit | 6 |
| | E. The arbitrator's actions have been suspended by reason of the respondents failure to comply with the procedures of the American Arbitration Association | 6 |
| III. | CONCLUSION | 6 |

ATTACHMENT
    Schedule A

TABLE OF AUTHOIRTIES

|   |   | Page |
|---|---|---|
| 1. | *Hawknet v Overseas Shipping*<br>590 F. 3d 87, 91, 2009 U.S. App. LEXIS 28599 (2nd Cir. 2009)……….. | 6 |
| 2. | *Laryssa Jock v Sterling Jewelers, Inc.*<br>2010 U.S. Dist. Lexis 75064, 109 Fair Empl. Prac. Cis.<br>(BNA) 1687 (S.D.N.Y.) July 26, 2010……………………………… | 4 |
| 3. | *Laryssa Jock v Sterling Jewelers, Inc.*<br>2010 U.S. Dist. LEXIS 80896 (S.D.N.Y. August 6, 2010)………… | 5 |
| 4. | *Laryssa Jock v Sterling Jewelers, Inc.*<br>2010 U.S. Dist. LEXIS 98251 (S.D.N.Y. September 17, 2010)……. | 5 |
| 5. | *Mitsui Sumitomo Insurance v Evergreen Marine Corp.*<br>621 F. 3d 215, 220, 2010 U.S. App. LEXIS 19634 (2nd Cir. 2010)………. | 5 |
| 6. | *Soltz-Nielson v Animal Feed International Corp.*<br>130 S. Ct. 1758, 176 L. Ed. 2d 605, 2010 U.S.<br>LEXIS 3672 (U.S. 2010)…………………………………………….. | 4 |

I. INTRODUCTION

This Reply Memorandum of Law is submitted on behalf of the petitioners in reply to respondents' document entitled "Claimants'[1] Reply to Respondents'[2] [sic] Brief Arguing That The Arbitrator's Clause Construction Award Should Be Reconsidered" dated December 6, 2010.

II. ARGUMENTS

**A.     Respondents' argument that the *Stoltz-Nielson* decision does not invalidate the arbitrator's award in the case at bar is without merit.**

Respondents' argument that the *Stoltz-Nielson* decision does not invalidate the Arbitrator's award in the case at bar is without merit. The *Laryssa Jock v Sterling Jewelers, Inc.* 2010 U.S. Dist. Lexis 75064, 109 Fair Empl. Prac. Cis. (BNA) 1687 (S.D.N.Y.) July 26, 2010 analyzed *Soltz-Nielson* 130 S. Ct. 1758, 176 L. Ed. 2d 605, 2010 U.S. LEXIS 3672 (U.S. 2010) in a civil case that I submit is on point to the facts herein. In *Sterling Jewelers* the court provided various reasons why the Arbitrator's Award below should be vacated. In *Sterling Jewelers* the court noted that, "plaintiffs still fail to identify any concrete basis in the record for the arbitrator to conclude that the parties manifested an intent to arbitrate class claims." Id at 17. It is submitted that the record below is devoid of any concrete basis in which the arbitrator may conclude that the parties manifested in intent to arbitrate class claim. The arbitration clause is silent in this respect and there is nothing in the Subscription Agreements to the contrary. The *Sterling Jewelers* case further provided that "in unqualified terms, that 'an implicit agreement to authorize class action arbitration . . . is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate'." Id at 20. The *Sterling Jewelers* Court further stated that "the parties' intentions, they cannot establish assent to class arbitration where, as here, the contract itself provides no reason to believe the parties reached any agreement on that issue. Id

---

[1] Claimants in the arbitration proceeding below are the Respondents herein before the Southern District of New York.
[2] Petitioners herein filed the initial motion and reference to "Respondents' Brief" is probably to "Petitioners' Brief".

at 20.  The *Sterling Jewelers* Court also stated that according to *Stoltz-Nielson* "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Id at 22.  As such it is submitted that the *Stoltz-Nielsen* decision invalidates the Arbitrator's award in the case at bar.

The *Sterling Jewelers* case is currently on appeal to the Second Circuit and has had further opinions by the District Court that does not overrule its decision in July of 2006.  See *Laryssa Jock v Sterling Jewelers, Inc.* 2010 U.S. Dist. LEXIS 80896 (S.D.N.Y. August 6, 2010) and *Laryssa Jock v Sterling Jewelers, Inc.* 2010 U.S. Dist. LEXIS 98251 (S.D.N.Y. September 17, 2010).

**B.    The factual situation in *Stoltz-Nielson* case is not so distinct from the case at bar making denial of class arbitration unconscionable.**

The argument of factual distinction was also raised in *Sterling Jewelers* and rejected by that Court.  Id at 18 and 19.  Here the critical issues are consistent with *Stoltz-Nielsen* as well as *Sterling Jewelers* which include that the arbitration clause is silent regarding allowing class arbitration and as such the facts enunciated by both *Stoltz -Nielson* and *Sterling Jewelers* which preclude class arbitration when the class is silent is submitted should control here as well.

**C.    Respondents' argument that *Stoltz-Nielson* should not be applied in the case at bar retroactively is without merit.**

Respondents' argument that *Stoltz-Nielson* should not be applied in the case at bar retroactively is without merit.  The Arbitrator below addressed this issue and stated that under well established principals, a court in a civil case, and presumable in arbitration, is obligated to apply the law as it exists at the time of decision or award, and any change in the law that occurs when the matter is still is sub judice must be taken into an account.  Here this matter was timely appealed regarding the arbitrator's award and thus such the argument raised by the respondents for *ex post facto* without citing any authority is without merit. See *Mitsui Sumitomo Insurance v*

*Evergreen Marine Corp.*, 621 F. 3d 215, 220, 2010 U.S. App. LEXIS 19634 (2nd Cir. 2010) and *Hawknet v Overseas Shipping*, 590 F. 3d 87, 91, 2009 U.S. App. LEXIS 28599 (2nd Cir. 2009).

**D. Respondents argument that absence of a clear FAA standard and relevant case-law that the arbitrator should not revaluate his award is without merit.**

Respondents argument that absence of a clear FAA standard and relevant case-law that the arbitrator should not revaluate his award is without merit. The authority for vacating this award is certainly found in the decisions of *Stoltz-Nielson* and *Sterling Jewelers* and the respondents argument to the contrary is without merit.

**E. The arbitrator's actions have been suspended by reason of the respondents failure to comply with the procedures of the American Arbitration Association.**

The arbitrator's actions have been suspended by reason of the respondents failure to comply with the procedures of the American Arbitration Association. A copy of the Arbitrator's most recent decision to suspend further action in this matter is attached as Schedule A.

CONCLUSION

By reason of the foregoing it is respectfully submitted that the partial final award on clause construction is vacated.

Dated:     December 17, 2010

Respectfully Submitted

_____
Eric B. Kaviar
Attorney for Petitioners
712 Third Avenue
Brooklyn, New York 11232
(718) 965-6146

cc:    Marina Trubitsky & Associates, PLLC
       Attorneys for Respondents
       11 Broadway, Suite 861
       New York, New York 10004
       (212) 732-7707

## AMERICAN ARBITRATION ASSOCIATION
### Commercial and Class Action Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 145 J 02466 08
   Tadeusz Kowalewski, Nicholas Klimiuk, Oleg
   Logunovsky, Stanislaw Puchala, individually and
   on behalf of all others similarly situated
   and
   Rudolf Samandarov a/k/a Rudy Samandarov
   Group Americar Transportation, LLC
   BC Leasing Corp., and Individual Partners of
   Corporate Respondents

### Second Suspension Order of the Arbitrator

I, THE UNDERSIGNED ARBITRATOR, designated in accordance with the parties' arbitration agreement, dated May 26, 2004, do hereby Order as follows:

In accordance with R-52 of the Commercial Arbitration Rules and Rule 11(c) of the Supplementary Rules for Class Arbitrations, the AAA may require the parties to deposit sums for arbitrator compensation and administrative fees in advance of the hearings. The parties were directed to deposit such sums by October 13, 2010. The Association advised the arbitrator that full deposits were not received by that date.

Therefore, in accordance with Rule 11 (c) of the Supplementary Rules for Class Arbitrations, all administration on this matter was suspended by Order dated October 19, 2010. Inasmuch as full deposits have not yet been received, the prior Order is extended an additional thirty (30) days from the date of this Order.

If full deposits are not paid within thirty (30) days, administration of this matter will be Terminated.

12/3/10
Date

Hon. George C. Pratt

I, Hon. George C. Pratt, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Second Suspension Order of the Arbitrator.

12/3/10
Date

Hon. George C. Pratt

Schedule A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RUDOLF SAMANDAROV a/k/a RUDY
SAMANDAROV, GROUP AMERICAR            Affidavit of Service
TRANSPORTATION LLC, BC LEASING,
CORP. and individual partners of corporate   Civil Action No. 10 CV 4438
defendants,

        Petitioners,

  v.

TADEUSZ KOWALEWSKI, NICHOLAS
KLIMIUK, OLEG LOGUNOVSKI and
STANISLAW PUCHALA, individually and on
behalf of other similarly situated,

        Respondents.
-------------------------------------------------------------X

State of New York )
County of Kings   ) ss.:

    Eric B. Kaviar an attorney duly admitted to the Courts of New York state, affirms under the penalties of perjury as follows:

    On December 17, 2010 I served on behalf of the petitioners the Reply Memorandum of Law by depositing a true copy thereof enclosed in a postage-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service in New York State to:

        Marina Trubitsky and Associates PLLC
        11 Broadway, Suite 861
        New York, New York 10004

Dated:     December 17 2010        By: _____
                                            Eric B. Kaviar